**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

<hr>

**No. 03-4721**

<hr>

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

versus

MARK ANTHONEY RICKETTS,

> Defendant - Appellant.

<hr>

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-02-393)

<hr>

Submitted: June 8, 2005          Decided: July 18, 2005

<hr>

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

<hr>

Affirmed by unpublished per curiam opinion.

<hr>

Jeffrey B. Welty, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Michael F. Joseph, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

<hr>

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Anthony Ricketts appeals from the judgment of the district court convicting him of conspiracy to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base, all in violation of 21 U.S.C. §§ 841, 846 (2000). We previously affirmed Ricketts' convictions and sentence. However, Ricketts petitioned for rehearing, and we granted that petition based on the Supreme Court's intervening decision in United States v. Booker, 125 S. Ct. 738 (2005). Finding that the district court's imposition of sentence under a mandatory application of the Sentencing Guidelines did not impact Ricketts' substantial rights, we again affirm his convictions and sentence.

Ricketts first claims that the district court erred in denying his motion for a judgment of acquittal made pursuant to Fed. R. Crim. P. 29. Ricketts alleges a variance between the indictment, which charged a single conspiracy, and the evidence at trial, which Ricketts claims supports multiple conspiracies. This court has held that "[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the defendants] were involved only in 'separate conspiracies unrelated to the overall conspiracy charged in the indictment.'" United States v. Kennedy, 32 F.3d 876, 884 (4th Cir. 1994). The fact that one or some of the participants may have been unknown to the others is not dispositive. See United States v. Gray, 47 F.3d 1359, 1368

(4th Cir. 1995). Rather, the question is whether there is "an overlap of key actors, methods, and goals." United States v. Strickland, 245 F.3d 368, 385 (4th Cir. 2001) (internal quotation marks and citations omitted). We conclude there is such an overlap. The evidence supports the conclusion that Ricketts and his coconspirators (Christopher Sumner, Orel Dawes, and Richard Moore) shared a common purpose to facilitate the distribution of narcotics and thus were involved in the single conspiracy charged in the indictment. Accordingly, we deny this claim.

Ricketts next claims that the district court erred in excluding the expert testimony of a scientist in the field of spectrographic voice analysis. Expert testimony is admissible under Fed. R. Evid. 702 if it concerns: (1) scientific, technical, or other specialized knowledge, that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993). We conclude the proffered evidence was lacking in probative value because it did not make "more probable or less probable" a fact of consequence to the jury. See Fed. R. Evid. 401. To the contrary, the evidence demonstrated only that no "meaningful" scientific analysis was possible. Given this fact, we find no abuse of discretion in the district court's decision to exclude the testimony of the witness. See Gen Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997) (stating standard of review).

- 3 -

Ricketts also claims that the district court erred in dismissing a juror for cause based on the juror's alleged bias against law enforcement officers. Because Ricketts did not object to the juror's dismissal at trial, we review this claim for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993). The ultimate issue in a dismissal for cause is whether the juror "could be fair and impartial and decide the case on the facts and law presented." United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995). Our review of the record discloses no error on the part of the court. The juror responded under questioning by the court that he was "bothered" by the police and "really mad" at their behavior two years previously in handling criminal charges against him that eventually were dismissed. He raised this information on his own volition and not at the prodding of the court or counsel. Accordingly, we conclude that it was not unreasonable for the district court to strike the juror for cause.

Finally, we consider the impact of United States v. Booker, 125 S. Ct. 738 (2005), on the district court's imposition of sentence under a mandatory sentencing guidelines scheme. In Booker, the Supreme Court ruled that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the Guidelines, imposes a sentence greater than the maximum guideline sentence authorized by the facts found by the jury alone. Id. In United States v. Hughes, 401 F.3d 540 (4th

Cir. 2005), we concluded that such a violation is error, that the error is plain, and that it affects a defendant's substantial rights.  Id. at 547-48.  However, we have declined to presume prejudice on the mere basis of the application of a mandatory guidelines scheme in the absence of a Sixth Amendment violation.  See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).  Instead, the burden falls on a defendant to show that the application of the guidelines affected the outcome of the proceedings.  Id. (relying on United States v. Olano, 507 U.S. 725 (1993)).

Our review of the record does not reveal that the district court's application of the mandatory guidelines scheme affected Ricketts' substantial rights.  The jury concluded in three separate findings that Ricketts was responsible for fifty or more grams of cocaine base.  Combined, these findings amount to a conclusion by the jury that Ricketts was responsible for at least 150 grams of cocaine base as relevant conduct.  The Sentencing Guidelines equate 150 grams of cocaine base to a base offense level of thirty-four, the level the district court adopted at sentencing.  See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2003).  When combined with Ricketts' criminal history category of one, the resulting sentencing range was 151 to 188 months' imprisonment.  See USSG Ch. 5, Pt. A, table.  The district court's imposition of a sentence of 151 months was within the Guidelines range.  Because

the sentence was supported by the findings of the jury, and because the district court made no statements at sentencing suggesting it would have imposed a lower sentence if it were not barred by the Guidelines, we conclude that Ricketts fails to show that he was prejudiced by the imposition of a sentence under the mandatory guidelines scheme or that his substantial rights were otherwise abridged.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED